UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSE BROWN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SUPERINTENDENT OVERMYER, et al.,<br><br>　　　　　　Defendants. | CIVIL ACTION NO. 16-80 Erie<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

Plaintiff Jesse Brown, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that Defendants had damaged, lost and/or stolen property which was being stored in his cell. Plaintiff claimed that the loss of the property constituted a violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution. (Dkt. No. 3.)

Defendants filed a motion to dismiss for failure to state a claim (Dkt. No. 11); Plaintiff entitled his responsive pleading a "Motion to Suppress the Defendants' Motion to Dismiss the Plaintiff's Complaint." (Dkt. No. 14.) In October 2016, the matter was referred to Magistrate

1 Judge Susan Paradise Baxter, and on March 17, 2017, Judge Baxter issued a Report and
2 Recommendation that Plaintiff's "motion to suppress" be denied and Defendants' motion to
3 suppress be granted. (Dkt. No. 16.) Plaintiff timely filed his "Objections to This Report and
4 Recommendation" (Dkt. No. 17) and this Court has reviewed all the pleadings and the relevant
5 portions of the record.

6       The Report and Recommendation will be adopted and Defendants' motion to dismiss will
7 be granted. The Court's reasoning follows.

8       **Discussion**

9       In reviewing a motion to dismiss filed under Fed.R.Civ.P. 12(b)(6), the Court is required
10 to accept as true all well-plead allegations of the complaint and view them in the light most
11 favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). If the complaint does
12 not allege "enough facts to state a claim to relief that is plausible on its face," it must be
13 dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*,
14 556 U.S. 662, 6787 (2009).

15       As the Report and Recommendation points out, Plaintiff's problem is not that he does not
16 allege sufficient facts to support his claims, it is that his factual allegations do not entitle him to
17 the relief that he seeks. He claims, for example, that the failure to return his missing property
18 violates his Fourth Amendment right to be free from illegal searches and seizures. But the
19 Supreme Court has held unequivocally that the Fourth Amendment is inapplicable to prison cell
20 searches or seizures of property from those cells. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).

21       Similarly, his Fourteenth Amendment claim – that the loss/confiscation of his property is
22 a violation of his right to due process – fails in the face of case authority that the prison
23 grievance procedure (of which Plaintiff acknowledges he availed himself) satisfies all
24

requirements of due process in his circumstances. Where inmate property is confiscated, "the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of [inmate] property." *Pettaway v. SCI Albion*, 2012 WL 366782 at *3-4 (W.D.Pa Feb. 2, 2012), *appeal dismissed,* 487 Fed. Appx. 766 (3rd Cir. 2012).

Plaintiff's objections do not address these legal precedents, but devote themselves instead to his ongoing claim that his allegations constitute violations of his constitutional rights. In the case of his Fourth Amendment rights, that is simply not true. Regarding his Fourteenth Amendment rights, he has a vehicle for vindication of those rights which he has already used; the fact that he was not satisfied with the outcome does not entitle him to further relief.

**Conclusion**

Based on the foregoing, the Court will ADOPT the Report and Recommendation. Plaintiff's "motion to suppress" is DENIED; Defendants' motion to dismiss is GRANTED and Plaintiff's complaint is DISMISSED. Finding that it would be futile to permit Plaintiff to amend these claims further, the dismissal will be with prejudice.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated April 10, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge